# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL WOODS,<br><br>                    Plaintiff,<br><br>         v.<br><br>LARIOS, *et al.*,<br><br>                    Defendants. | Case No.  1:25-cv-01165-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS<br><br>(ECF No. 11)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Michael Woods ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil action pursuant to 42 U.S.C. § 1983.  The action was transferred to this Court on September 9, 2025.  (ECF No. 6.)  On February 23, 2026, the Court screened Plaintiff's complaint and granted him leave to amend.  (ECF No. 10.)  Plaintiff's first amended complaint, filed on March 27, 2026, is currently before the Court for screening.  (ECF No. 11.)

## I.    Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous

1

or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b); 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## II.    Plaintiff's Allegations

Plaintiff is currently housed at Mule Creek State Prison in Ione, California.  The events in the complaint are alleged to have occurred while Plaintiff was housed at the California Substance Abuse Treatment Facility ("CSATF") in Corcoran, California.  Plaintiff names the following defendants: (1) A. Larios, Correctional Officer; (2) A. Medley, Correctional Officer; (3) A. Macedo, Registered Nurse; (4) R. Grider, Correctional Sergeant; (5) B. Perreira, Correctional Sergeant; (6) C. McKenna, Correctional Officer; (7) J. Gonzales, Correctional Officer; (8) R. Rios, Correctional Officer; (9) K. Perez, Correctional Officer; and (10) R. Maciel-Rodriguez, Correctional Officer.

In Claim I, Plaintiff asserts a violation of the Eighth and Fourteenth Amendments.  He alleges that on October 12, 2023, at or around 11:45-12:00, he notified Defendant J. Gonzales that he was having chest pains.  Defendant Gonzales told Plaintiff to have a seat on the benches while

he finished his close custody count. Defendant Gonzales called up to the control booth and asked for restraints. Defendant Gonzales placed Plaintiff in waist restraints and activated his personal alarm device. Several minutes passed and three LVNs came in the building as well as 11-12 correctional officers. One LVN took Plaintiff's temp, the other his blood pressure, and the third, LVN Martinez, asked if she could take Plaintiff's finger stick. Plaintiff said it was not his finger it was his chest. LVN Martinez walked away with an attitude. The emergency vehicle with Defendant RN Macedo walked into the building. LVN Martinez said Plaintiff would not let her take his finger stick, "he got nothing coming." (ECF No. 11 at 10.) Defendant Macedo said she knew how to deal with Plaintiff. Defendant Macedo approached Plaintiff sitting on the bench in restraints with several correctional officers who surrounded him. Defendant Macedo started asking questions like what year did Plaintiff get diagnosed with congestive heart failure, what hospital Plaintiff got diagnosed at, and what was the doctor's name. Plaintiff said that he was having pain in his chest, a 10 out of a 10, feeling like someone was sitting or pushing on his chest. Defendant Macedo said "your [sic] going to answer my question." (*Id.* at 5.) Plaintiff said "mam you don't have to yell that unprofessional." (*Id.*). Defendant Perrier said, "you don't tell her not yell at you." (*Id.*) Defendant Macedo walked away toward the exit. Defendant Perreira walked behind Defendant Macedo "saying he's done." (*Id.*) Plaintiff said "you can't tell her to refuse me medical treatment." (*Id.*) Defendant Perreira said "she refused you medical treatment." (*Id.*)

Plaintiff alleges that Defendant Macedo did not conduct an examination of Plaintiff or refer him to a doctor for his chest pains, who could make the determination to be sent out to receive a higher level of care. Plaintiff contends Defendant Macedo failed to act on her knowledge of a substantial risk of harm to the Plaintiff. Plaintiff further alleges that Defendant Macedo had been at the TTA when Plaintiff had chest pains and was sent out to the outside hospital. Plaintiff claims that Defendant Macedo denied Plaintiff from receiving medical treatment for his serious medical need which can cause a stroke or heart attack. Defendant chose to leave Plaintiff in pain and disregarded his plea for help, which would be apparent to any lay person to get Plaintiff to a hospital. Plaintiff argues that the facts are that he suffered severe pain in his chest, the inference is that since he has heart problems this is a serious medical need, and

3

the prison doctor prescribed medication for Plaintiff's heart.  Plaintiff further argues that Defendant Macedo's conduct amounts to deliberate indifference, she has a duty to protect life, liberty and limb as a registered nurse, and she intentionally denied Plaintiff medical treatment.

In Claim II, Plaintiff asserts violations of the Eighth, Fourteenth, and First Amendments. He alleges that he was sitting in waist restraints after the nurses left.  Plaintiff stated that he was writing them up.  Defendant Grider ordered the correctional officers that were surrounding Plaintiff to take him to the program office.  Plaintiff said "this is a medical." (ECF No. 11 at 10.) Without provocation, Defendant A. Medley yanked Plaintiff forward by his right arm.  Plaintiff was slammed face first to the ground.  Next thing Plaintiff knew, he was being pinned to the ground by several correctional officers.  Plaintiff was not able to see who was punching, kneeing, elbowing him.  Plaintiff knows Defendant A. Larios had his knee on Plaintiff's neck and covered Plaintiff's nose and mouth with his gloved hand.  Plaintiff screamed he could not breathe, while Defendant A. Medley was pulling Plaintiff's right arm up toward the middle of his back.  This made other inmates upset, who started yelling, banging on their cell doors to get off Plaintiff. The other correctional officers on top of Plaintiff attacking him were J. Gonzales, C. McKenna, R. Rios, K. Perez, R. Maciel-Rodriguez, and J. Gomez.  Plaintiff asserts that defendants were not using force lawfully, he was not resistive, and defendants retaliated against him for exercising his constitutional rights.  Plaintiff claims that he was attacked by defendants for no reason.  He did nothing to provoke them and just said something they did not like, like he was writing everyone up.

Plaintiff's first amended complaint seeks only declaratory relief.  (ECF No. 11 at 11.)

**III.    Discussion**

**A.  Linkage Requirement**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between

4

the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff's complaint fails to adequately link certain defendants to violations of his constitutional rights. Plaintiff fails to adequately link Defendants Gonzales, McKenna, Rios, Perez, Maciel-Rodriguez, and J. Gomez to his allegations of excessive force. Plaintiff may not simply lump all defendants together and generally allege that they "were [all] on top" of him and "attacking him." (ECF No. 11 at 8.) Plaintiff fails to link these defendants to a specific act or omission that violated Plaintiff's rights.

### B. Eighth Amendment

#### 1. Deliberate Indifference to Serious Medical Needs

Although Plaintiff alleges a violation of the Fourteenth Amendment, a prisoner's claim of inadequate medical care constitutes cruel and unusual punishment in violation of the Eighth Amendment where the mistreatment rises to the level of "deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). The two-part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096.

A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "Deliberate indifference is a high legal standard," *Simmons v. Navajo Cty. Ariz.*, 609 F.3d 1011, 1019 (9th Cir. 2010); *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. *Jett*, 439 F.3d at 1096. In applying this

standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle*, 429 U.S. at 105–06).  Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

Further, a "difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 987 (9th Cir. 2012) (citing *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989)), overruled in part on other grounds, *Peralta v. Dillard*, 744 F.3d 1076, 1082–83 (9th Cir. 2014); *Wilhelm v. Rotman*, 680 F.3d 1113, 1122–23 (9th Cir. 2012) (citing *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1986)).  Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." *Snow*, 681 F.3d at 988 (citing *Jackson*, 90 F.3d at 332) (internal quotation marks omitted).

Plaintiff fails to state a cognizable claim for deliberate indifference to a serious medical need.  According to the allegations, Defendant Gonzales summoned assistance when Plaintiff began complaining of chest pains, and multiple nurses, including Defendant Macedo responded.  Although Plaintiff generally contends that he was denied medical treatment, multiple nurses examined him.  Plaintiff does not adequately allege that any subsequent indifference to his complaints of "chest pains" caused him harm.  Plaintiff also does not adequately allege that the lack of treatment was medically unacceptable.  There is nothing in Plaintiff's complaint to suggest that additional treatment was necessary or required.  That Plaintiff believed he needed more or different care, such as being seen by a doctor, is not sufficient to state a cognizable claim.  Plaintiff's allegations raise an implication regarding a difference in medical opinion between Plaintiff and the responding nurses, including Defendant Macedo, as to the need for more, different, or additional treatment.  Plaintiff has been unable to cure these deficiencies.

6

### 2. Excessive Force

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment, not the Fourteenth Amendment as alleged. *Hudson v McMillian*, 503 U.S. 1, 5 (1992) (citations omitted). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. *Farmer*, 511 U.S. at 832–33 (quotations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6-7; *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986).  The "malicious and sadistic" standard, as opposed to the "deliberate indifference" standard applicable to most Eighth Amendment claims, is applied to excessive force claims because prison officials generally do not have time to reflect on their actions in the face of risk of injury to inmates or prison employees. *See Whitley*, 475 U.S. at 320-21.

In determining whether force was excessive, the court considers the following factors: (1) the need for application of force; (2) the extent of injuries; (3) the relationship between the need for force and the amount of force used; (4) the nature of the threat reasonably perceived by prison officers; and (5) efforts made to temper the severity of a forceful response. *See Hudson*, 503 U.S. at 7. The absence of an emergency situation is probative of whether force was applied maliciously or sadistically. *See Jordan v. Gardner*, 986 F.2d 1521, 1528 n.7 (9th Cir. 1993) (en banc). Finally, because the use of force relates to the prison's legitimate penological interest in maintaining security and order, the court must be deferential to the conduct of prison officials. *See Whitley*, 475 U.S. at 321-22.

Liberally construing the complaint, the Court finds that Plaintiff states a cognizable claim for excessive force against Defendants A. Medley and Larios, but fails to adequately link Defendants Gonzales, McKenna, Rios, Perez, Maciel-Rodriguez, and J. Gomez to his allegations.

7

As to Defendants Gonzales, McKenna, Rios, Perez, Maciel-Rodriguez, and J. Gomez, Plaintiff merely lumps these defendants together and does not specify what each defendant is alleged to have done during the incident.  Plaintiff's single allegation that "[t]he other correctional officers who was on top of plaintiff attacking him was J. Gonzales, C. McKenna, R. Rios, K. Perez, R. Maciel-Rodriguez, J. Gomez" is not sufficient to state a cognizable excessive force claim.  (*See* ECF No. 11 at 8.)

Plaintiff also does not state a cognizable claim against Defendant Grider under the Eighth Amendment.  Prison officials have a duty under the Eighth Amendment to protect prisoners from violence at the hands of others because being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society.  *Farmer*, 511 U.S. at 833; *Clem v. Lomeli*, 566 F.3d 1177, 1181 (9th Cir.2009).  At most, Plaintiff alleges that Defendant Grider ordered officers to take Plaintiff to the program office.  This is not sufficient to state a cognizable claim for failure to protect in violation of the Eighth Amendment.

### C.  Retaliation

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim.  *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995).  "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005); *accord Watison v. Carter*, 668 F.3d 1108, 1114-15 (9th Cir. 2012); *Silva*, 658 at 1104; *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009).

In order to state a retaliation claim, a plaintiff must plead facts which suggest that retaliation for the exercise of protected conduct was the "substantial" or "motivating" factor behind the defendant's conduct. *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989) (citation omitted). Mere allegations of retaliatory motive or conduct will not suffice, and

not every allegedly adverse action will support a retaliation claim. *See Huskey v. City of San Jose*, 204 F.3d 893, 899 (9th Cir. 2000) (retaliation claim cannot rest on "the logical fallacy of *post hoc, ergo propter hoc*, literally, 'after this, therefore because of this'") (citation omitted)). In addition, the plaintiff must also plead facts which suggest an absence of legitimate correctional goals for the conduct he contends was retaliatory. *Rizzo*, 778 F.2d at 532.

The Ninth Circuit has held that "threats to sue fall within the purview of the constitutionally protected right to file grievances." *Entler v. Gregoire*, 872 F.3d 1031, 1039 (9th Cir. 2017). The filing of a complaint by a prisoner, as well as the threat to do so, are protected by the First Amendment, provided they are not baseless. *Entler*, 872 F.3d at 1043 ("[I]t is illogical to conclude that prison officials may punish a prisoner for *threatening* to sue when it would be unconstitutional to punish a prisoner for *actually* suing."); *see also McLaughlin v. Castro*, No. 1:17-cv-1597-DAD-JLT (PC), 2019 WL 2544422, at *3 (E.D. Cal. June 20, 2019), report and recommendation adopted, No. 1:17-cv-01597-DAD (JLT), 2019 WL 4244529 *3 (E.D. Cal. Sept. 6, 2019) (finding sufficient retaliation claim where guard initiated false charges against inmate after inmate stated he would file a grievance against guard).

Plaintiff's first amended complaint fails to state a cognizable claim for retaliation in violation of the First Amendment. Plaintiff's conclusory statement that defendants retaliated against him for exercising his constitutional right is not sufficient. While Plaintiff alleges that he stated he was "writing them up," his allegations indicate that Defendant Medley did not take any action against Plaintiff until after Plaintiff said "this is a medical." (ECF No. 11 at 10.) Further, Plaintiff alleges that he was attacked "for no reason" and he "did nothing to provoke [defendants] just said something they didn't like, like I'm writing everyone up." (*Id.* at 9.) Taken together, Plaintiff's speculative allegations are not sufficient to infer that defendants attacked in retaliation for threatening to write them up. Plaintiff fails to adequately allege facts to suggest that the exercise of protected conduct was the "substantial" or "motivating" factor behind the defendants' conduct.

**IV.   Conclusion and Recommendation**

Based on the above, the Court finds that Plaintiff's first amended complaint, filed on March

27, 2026, states a cognizable claim for excessive force in violation of the Eighth Amendment against Defendants A. Medley and Larios.  However, Plaintiff's complaint fails to state any other cognizable claims for relief against any other defendants.  Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the identified deficiencies and further leave to amend is not warranted.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a District Judge to this action.

Furthermore, it is HEREBY RECOMMENDED that:

1.  This action proceed on Plaintiff's first amended complaint, filed on March 27, 2026, against Defendants A. Medley and A. Larios for excessive force in violation of the Eighth Amendment; and

2.  All other claims and defendants be dismissed based on Plaintiff's failure to state claims upon which relief may be granted.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  **Objections, if any, shall not exceed fifteen (15) pages or include exhibits.  Exhibits may be referenced by document and page number if already in the record before the Court.  Any pages filed in excess of the 15-page limit may not be considered.**  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   __**April 8, 2026**__                              __/s/ Barbara A. McAuliffe__
                                                                      UNITED STATES MAGISTRATE JUDGE

11