# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL WOODS,<br><br>                    Plaintiff,<br><br>          v.<br><br>LARIOS, *et al.*,<br><br>                    Defendants. | Case No.  1:25-cv-01165-JLT-BAM (PC)<br><br>ORDER GRANTING REQUEST TO FILE AMENDED COMPLAINT<br><br>(ECF No. 14)<br><br>ORDER VACATING FINDINGS AND RECOMMENDATIONS<br><br>(ECF No. 13)<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff Michael Woods ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  Currently pending are the Court's April 8, 2026 findings and recommendations to dismiss certain claims and defendants and for this action proceed on the cognizable Eighth Amendment claim against Defendants A. Medley and A. Larios stated in the first amended complaint.  (ECF No. 13.)

On April 24, 2026, Plaintiff filed his objections to the findings and recommendations, wherein he requests further leave to amend.  (ECF No. 14.)  Plaintiff states that he wants to make clear that he seeks both compensatory and punitive damages, not only declaratory relief. Additionally, Plaintiff includes further factual assertions and contends that certain officers and Sgt. Grider should be liable for failure to intervene.  Plaintiff alleges that, with assistance, the

1

deficiencies in the amended complaint can be cured. (*Id.*)

As Plaintiff asserts that he wishes to seek additional relief and also appears to seek leave to add factual allegations and claims, the Court will grant Plaintiff's request to file an amended complaint. Accordingly, the Court finds it appropriate to vacate the pending findings and recommendations issued on April 8, 2026. (ECF No. 13.) After Plaintiff files his second amended complaint, it will be screened in due course.

Plaintiff's second amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Ashcroft v. Iqbal,* 556 U.S. 662, 678-79 (2009). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

Any amended complaint shall be **limited to twenty (20) pages in length,** excluding exhibits.

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa County*, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. This includes any exhibits or attachments Plaintiff wishes to incorporate by reference.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion for leave to amend, (ECF No. 14), is GRANTED;

   a. Plaintiff is granted **thirty (30) days** from the date of service of this order in which to file a second amended complaint, limited to twenty (20) pages in length;

   b. The Clerk's Office shall send Plaintiff a complaint form; and

   c. **If Plaintiff fails to file a second amended complaint in compliance with this order, this action will be dismissed for failure to prosecute and failure to obey**

2

**a court order**; and

2. The findings and recommendations issued on April 8, 2026, (ECF No. 13), are

VACATED.

IT IS SO ORDERED.

Dated:    **May 5, 2026**                          /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE