# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL WOODS,<br><br>          Plaintiff,<br><br>     v.<br><br>LARIOS, *et al.*,<br><br>          Defendants. | Case No.  1:25-cv-01165-JLT-BAM (PC)<br><br>ORDER GRANTING APPLICATION FOR EXTENSION OF TIME TO FILE SECOND AMENDED COMPLAINT<br><br>(ECF No. 17)<br><br>ORDER VACATING FINDINGS AND RECOMMENDATIONS<br><br>(ECF No. 16)<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff Michael Woods ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On April 8, 2026, the Court screened Plaintiff's first amended complaint and found that Plaintiff stated a cognizable claim for excessive force in violation of the Eighth Amendment against Defendants A. Medley and Larios, but failed to state any other cognizable claims for relief. (ECF No. 13.) The Court issued findings and recommendations to dismiss certain claims and defendants and for this action proceed on the cognizable Eighth Amendment claim against Defendants A. Medley and A. Larios stated in the first amended complaint. (*Id*.)

On April 24, 2026, Plaintiff filed his objections to the findings and recommendations, wherein he requested further leave to amend. (ECF No. 14.)  In response, on May 5, 2026, the

1

Court vacated the April 8, 2026 findings and recommendations and directed Plaintiff to file a second amended complaint within 30 days. (ECF No. 15.)

Plaintiff failed to file a second amended complaint, which was due on or before June 8, 2026. Accordingly, on June 16, 2026, the Court issued findings and recommendations to dismiss this action for failure to prosecute and for failure to obey a court order. (ECF No. 16.) The findings and recommendations remain pending.

Currently before the Court is Plaintiff's application for an order extending time to file a second amended complaint, dated June 12 and 14, 2026, and filed June 22, 2026. (ECF No. 17.) Plaintiff indicates he was placed in Administrative Segregation/Restrictive Housing Unit on June 4, 2026, and has been deprived of his legal paperwork to comply with the Court's order to file a second amended complaint. He has asked for his legal property and been told that it can take up to 21 days to receive it. He requests an additional 30 days to cure the deficiencies in his complaint. (*Id.*)

Plaintiff's request is untimely, brought after the deadline to submit his second amended complaint. Plaintiff is advised that requests for necessary extensions of time should be sought as soon as the need for the extension becomes apparent. Local Rule 144(d). Requests brought on or after the required filing date are disfavored. *See id.* Nonetheless, the Court will grant Plaintiff's requested extension of time and vacate the June 16, 2026 findings and recommendations. After Plaintiff files his amended complaint, it will be screened in due course. Plaintiff is advised that no further extensions of the deadline to file a second amended complaint will be granted absent a demonstrated showing of good cause.

Plaintiff's second amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Ashcroft v. Iqbal,* 556 U.S. 662, 678-79 (2009). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

Any amended complaint shall be **limited to twenty (20) pages in length,** excluding exhibits.

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa County*, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. This includes any exhibits or attachments Plaintiff wishes to incorporate by reference.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's application for an extension of time to file second amended complaint, (ECF No. 17), is GRANTED;

   a. Plaintiff is granted **thirty (30) days** from the date of service of this order in which to file a second amended complaint, limited to twenty (20) pages in length;

   b. The Clerk's Office shall send Plaintiff a complaint form; and

   c. **If Plaintiff fails to file a second amended complaint in compliance with this order, this action will be dismissed for failure to prosecute and failure to obey a court order**; and

2. The findings and recommendations issued on June 16, 2026, (ECF No. 16), are VACATED.

IT IS SO ORDERED.

Dated:   **June 24, 2026**          /s/ *Barbara A. McAuliffe*
                                 UNITED STATES MAGISTRATE JUDGE

3