# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL WOODS,<br><br>           Plaintiff,<br><br>      v.<br><br>LARIOS, *et al.*,<br><br>           Defendants. | Case No.  1:25-cv-01165-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS<br><br>(ECF No. 19)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.      Background**

Plaintiff Michael Woods ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil action pursuant to 42 U.S.C. § 1983.  The action was transferred to this Court on September 9, 2025.  (ECF No. 6.)

On April 8, 2026, the Court screened Plaintiff's first amended complaint and found that Plaintiff stated a cognizable claim for excessive force in violation of the Eighth Amendment against Defendants A. Medley and Larios, but failed to state any other cognizable claims for relief. (ECF No. 13.) The Court issued findings and recommendations to dismiss certain claims and defendants and for this action proceed on the cognizable Eighth Amendment claim against Defendants A. Medley and A. Larios stated in the first amended complaint. (*Id.*) On April 24, 2026, Plaintiff filed his objections to the findings and recommendations, wherein he requested further leave to amend. (ECF No. 14.) In response, on May 5, 2026, the Court vacated the April 8,

1

2026 findings and recommendations and directed Plaintiff to file a second amended complaint within 30 days. (ECF No. 15.) Plaintiff failed to file a second amended complaint, which was due on or before June 8, 2026. Accordingly, on June 16, 2026, the Court issued findings and recommendations to dismiss this action for failure to prosecute and for failure to obey a court order. (ECF No. 16.)  While the findings and recommendations remained pending, Plaintiff filed an application requesting an extension of time to file a second amended complaint.  (ECF No. 17.)  On June 24, 2026, the Court granted the application, vacated the June 16, 2026 findings and recommendations, and directed Plaintiff to file his second amended complaint within 30 days. (ECF No. 18.)  Plaintiff's second amended complaint, filed on June 25, 2026, is currently before the Court for screening.  (ECF No. 19.)

### II.    Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b); 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.,* 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully

2

is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

### III.    Plaintiff's Allegations

Plaintiff is currently housed at Mule Creek State Prison in Ione, California. Based on prior iterations of the amended complaint, the events at issue are alleged to have occurred while Plaintiff was housed at the California Substance Abuse Treatment Facility.

Plaintiff alleges that on October 12, 2023, at or around 11:45-12:00 hours, he notified Defendant J. Gonzales that he was having chest pains. Defendant Gonzales told Plaintiff to have a seat on the benches while he conducted his close custody count. Plaintiff complied, holding his arm to his chest. Defendant Gonzales went into the office for several minutes, came out of the office, and called up to the control booth officer to throw down waist restraints. Plaintiff asked what the restraints were for, and Defendant Gonzales said just in case they send Plaintiff out. Plaintiff stated that they normally don't put him in restraints until they are sending him to the outside hospital. Finally, Defendant Gonzales activated his personal alarm device and several officers as well as three nurses walked in. One nurse asked if she could take Plaintiff's blood pressure and one nurse asked if she could take his temperature, which they did. The third nurse, which Plaintiff has written up for her behavior, asked to take Plaintiff's finger stick. Plaintiff said, "mam it's my chest (heart) not my dibetes [sic]." (ECF No. 19 at 2.) She became upset, huffing and puffing. By this time, the RN came in with a couple of officers from the TTA (Treatment Triage Area). RN Defendant Macedo said she knew how to deal with him and said, "what's going on Woods." (*Id.*) Plaintiff said his chest hurt, a 10 out of 10. Defendant Macedo asked Plaintiff what year he got diagnosed with congestive heart failure. Plaintiff stated 2018, hospital San Quin in Stockton. When asked what the doctor's name was, Plaintiff said "mam I'm having chest pains and your [sic] asking question[s] that you already know." (*Id.* at 3.) Defendant became upset and yelled "you need to answer my question." (*Id.*) Plaintiff said, "you don't have to yell that's unprofessional." (*Id.*) Defendant Macedo walked away from Plaintiff. Defendant knew of but deliberately disregarded Plaintiff's condition. Defendants made a decision that was blatantly inappropriate. Any lay person would have called "911" for someone

3

complaining of chest pains with a known medical diagnosis for cardiovascular issues who frequently saw prison medical staff, including Defendant Macedo, and was sent to the outside hospital emergency room.  Plaintiff alleges he has a history of high blood pressure, ischemic cardiomyopathy (a decrease in the heart's ability to pump blood), congestive heart failure (CHF), asthma, sleep apnea, and seizure disorder. Defendants left Plaintiff in pain when they chose to walk away and ignore his cry for help.  Plaintiff asserts that Defendants' conduct constitutes deliberate indifference to his serious medical needs in violation of the Eighth Amendment. Plaintiff claims that as a proximate result of Defendants' conduct, he suffered general damages in the form of severe pain and suffering and emotional distress.  Defendants acted despicably, knowingly, willfully and maliciously or with reckless or callous disregard to Plaintiff's serious medical needs of chest pains.

In his second claim, Plaintiff alleges that on October 12, 2023, at or around 1145-1200 hours, Plaintiff stated that RN Macedo was being unprofessional, and Sergeant Perreira stated, "you don't tell her she's being unprofessional." (*Id.* at 6.)  RN Macedo walked away, and Sgt. Perreira walked behind RN Macedo saying he's done.  Plaintiff said, "you can't tell her to refuse me medical." (*Id.*)  Sgt. Perreira stated, "I didn't refuse you she refused you medical." (*Id.*) Plaintiff said he was writing everybody up. Sgt. Grider said to take Plaintiff to program.  Plaintiff was surrounded by numerous correctional officers.  Unprovoked, Plaintiff was yanked forward by his right arm and shoulder and slammed face first into the ground by Correctional Officer A. Medley, who bent Plaintiff's right arm and shoulder up and used his knee to pin Plaintiff down. Correctional Officer Larios jumped on Plaintiff's left side and used his right arm to apply pressure to Plaintiff's head, used his left gloved hand to cover Plaintiff's mouth and nose, and using his knee on Plaintiff's left nose, mouth, blocked.  Plaintiff screamed, "I can't breath[e]." (*Id.* at 7.)  Correctional Officer A. Larios hit Plaintiff in the face a couple times with hands. Correctional Officer J. Gonzales held Plaintiff's legs and Correctional Officer C. McKenna was kneeing Plaintiff's left side, back side, and rib cage area.  Correctional Officer Rios' knee was hitting the right side back area and Correctional Officer K. Perez was hitting Plaintiff somewhere on the right side back rib area.  Correctional Officer Maciel-Rodriguez used force

4

excessive/unnecessary force against Plaintiff.  Sgt. Grider is at fault for not stopping the attack against Plaintiff from the above correctional officers. Sgt. Perreira is liable for not stopping the attack.  Correctional Officers J. Gomez and A. Gomez used excessive/unnecessary force against Plaintiff.  Plaintiff could not see everyone hitting, kneeing, punching him because he was physically restrained.  Plaintiff alleges that Defendants use excessive force on him for exercising his rights under the First and Fourteenth Amendments.  The force used by Defendants yanking, grabbing, throwing Plaintiff to the ground, striking, choking, kneeing, beating, hitting, kicking was intentional, malicious, excessive, which created physical harm, injury could have possibly cause death in reckless disregard of Plaintiff's constitutional rights.  Plaintiff claims the conduct of Defendants was grossly offensive and disproportionate to the situation at hand and shocks the conscience of someone asking for help.

### IV.   Discussion

#### A.  Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff's amended complaint fails to adequately link certain defendants to violations of his constitutional rights.  Plaintiff fails to adequately link Defendants Maciel-Rodriguez, J. Gomez, and A. Gomez to his allegations of excessive force.  Plaintiff may not simply allege that these defendants used excessive/unnecessary force against him.  Plaintiff fails to link these

defendants to a specific act or omission that violated Plaintiff's rights.

### B. Eighth Amendment

#### 1. Deliberate Indifference to Serious Medical Needs

A prisoner's claim of inadequate medical care constitutes cruel and unusual punishment in violation of the Eighth Amendment where the mistreatment rises to the level of "deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).  The two-part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096.

A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  "Deliberate indifference is a high legal standard," *Simmons v. Navajo Cty. Ariz.*, 609 F.3d 1011, 1019 (9th Cir. 2010); *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. *Jett*, 439 F.3d at 1096.  In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle*, 429 U.S. at 105–06).  Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

Further, a "difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 987 (9th Cir. 2012) (citing *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989)), overruled in part on other grounds, *Peralta v. Dillard*, 744 F.3d 1076, 1082–83 (9th Cir. 2014); *Wilhelm v. Rotman*, 680 F.3d 1113, 1122–23 (9th Cir.

6

2012) (citing *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1986)).  Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health."  *Snow*, 681 F.3d at 988 (citing *Jackson*, 90 F.3d at 332) (internal quotation marks omitted).

Plaintiff fails to state a cognizable claim for deliberate indifference to a serious medical need.  According to the allegations, Defendant Gonzales summoned assistance when Plaintiff began complaining of chest pains, and multiple nurses, including Defendant Macedo responded.  Although Plaintiff generally contends defendants disregarded his condition, multiple nurses evaluated him, taking his blood pressure and temperature, and attempting to take a finger stick.  Plaintiff does not adequately allege that any subsequent indifference to his complaints of "chest pains" caused him harm.  There is nothing in Plaintiff's amended complaint to suggest that additional treatment was necessary or required.  That Plaintiff believed he needed more or different care, such as calling 911 or being sent to an outside hospital, is not sufficient to state a cognizable claim.  At best, Plaintiff's allegations raise an implication regarding a difference in medical opinion between Plaintiff and the responding nurses, including Defendant Macedo, as to the need for more, different, or additional treatment.  Plaintiff has been unable to cure these deficiencies.

## 2.  Excessive Force

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment, not the Fourteenth Amendment as alleged. *Hudson v McMillian*, 503 U.S. 1, 5 (1992) (citations omitted). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. *Farmer*, 511 U.S. at 832–33 (quotations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is . . . whether force was applied in a good-

7

faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."

*Hudson*, 503 U.S. at 6-7; *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986).  The "malicious and sadistic" standard, as opposed to the "deliberate indifference" standard applicable to most Eighth Amendment claims, is applied to excessive force claims because prison officials generally do not have time to reflect on their actions in the face of risk of injury to inmates or prison employees. *See Whitley*, 475 U.S. at 320-21.

In determining whether force was excessive, the court considers the following factors: (1) the need for application of force; (2) the extent of injuries; (3) the relationship between the need for force and the amount of force used; (4) the nature of the threat reasonably perceived by prison officers; and (5) efforts made to temper the severity of a forceful response. *See Hudson*, 503 U.S. at 7. The absence of an emergency situation is probative of whether force was applied maliciously or sadistically. *See Jordan v. Gardner*, 986 F.2d 1521, 1528 n.7 (9th Cir. 1993) (en banc). Finally, because the use of force relates to the prison's legitimate penological interest in maintaining security and order, the court must be deferential to the conduct of prison officials. *See Whitley*, 475 U.S. at 321-22.

Liberally construing the complaint, the Court finds that Plaintiff states a cognizable claim for excessive force against Defendants A. Medley, A. Larios, J. Gonzales, C. McKenna, Rios, and K. Perez, but fails to adequately link Defendants Maciel-Rodriguez, J. Gomez, and A. Gomez to his allegations.  As to Defendants Maciel-Rodriguez, J. Gomez, and A. Gomez, Plaintiff does not specify what each defendant is alleged to have done during the incident.  Plaintiff's allegations that these defendants used excessive/unnecessary force are not sufficient to state a cognizable excessive force claim.  (*See* ECF No. 19 at 7, 8.)

Plaintiff also does not state a cognizable claim against Defendants Grider and Perreira under the Eighth Amendment.  Prison officials have a duty under the Eighth Amendment to protect prisoners from violence at the hands of others because being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society. *Farmer*, 511 U.S. at 833; *Clem v. Lomeli*, 566 F.3d 1177, 1181 (9th Cir.2009).  At most, Plaintiff alleges that Defendant Grider ordered officers to take Plaintiff to the program office.  This is not

8

sufficient to state a cognizable claim for failure to protect in violation of the Eighth Amendment against either Defendant Grider or Defendant Perreira.

### C. Retaliation

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005); *accord Watison v. Carter*, 668 F.3d 1108, 1114-15 (9th Cir. 2012); *Silva*, 658 at 1104; *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009).

In order to state a retaliation claim, a plaintiff must plead facts which suggest that retaliation for the exercise of protected conduct was the "substantial" or "motivating" factor behind the defendant's conduct. *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989) (citation omitted). Mere allegations of retaliatory motive or conduct will not suffice, and not every allegedly adverse action will support a retaliation claim. *See Huskey v. City of San Jose*, 204 F.3d 893, 899 (9th Cir. 2000) (retaliation claim cannot rest on "the logical fallacy of *post hoc, ergo propter hoc*, literally, 'after this, therefore because of this'") (citation omitted)). In addition, the plaintiff must also plead facts which suggest an absence of legitimate correctional goals for the conduct he contends was retaliatory. *Rizzo*, 778 F.2d at 532.

The Ninth Circuit has held that "threats to sue fall within the purview of the constitutionally protected right to file grievances." *Entler v. Gregoire*, 872 F.3d 1031, 1039 (9th Cir. 2017). The filing of a complaint by a prisoner, as well as the threat to do so, are protected by the First Amendment, provided they are not baseless. *Entler*, 872 F.3d at 1043 ("[I]t is illogical to conclude that prison officials may punish a prisoner for *threatening* to sue when it would be unconstitutional to punish a prisoner for *actually* suing."); *see also McLaughlin v. Castro*, No.

9

1:17-cv-1597-DAD-JLT (PC), 2019 WL 2544422, at *3 (E.D. Cal. June 20, 2019), report and recommendation adopted, No. 1:17-cv-01597-DAD (JLT), 2019 WL 4244529 *3 (E.D. Cal. Sept. 6, 2019) (finding sufficient retaliation claim where guard initiated false charges against inmate after inmate stated he would file a grievance against guard).

Plaintiff's amended complaint fails to state a cognizable claim for retaliation in violation of the First Amendment. Plaintiff's conclusory statement that defendants used excessive force against him for exercising his rights under the First and Fourteenth Amendment is not sufficient. (ECF No. 19 at 8.) While Plaintiff alleges that he stated he was "writing everyone up," his allegations indicate that, following this statement, Defendant Grider only directed officers to take Plaintiff to program. (*Id.* at 6.) Even considered together, Plaintiff's allegations are not sufficient to infer that defendants attacked him in retaliation for threatening to write everybody up. Plaintiff fails to adequately allege facts to suggest that the exercise of protected conduct was the "substantial" or "motivating" factor behind any of the defendants' conduct. Plaintiff has been unable to cure the deficiencies in this claim.

## V.    Conclusion and Recommendation

Based on the above, the Court finds that Plaintiff's second amended complaint, filed on June 25, 2026, states a cognizable claim for excessive force in violation of the Eighth Amendment against Defendants A. Medley, A. Larios, J. Gonzales, C. McKenna, Rios, and K. Perez. However, Plaintiff's complaint fails to state any other cognizable claims for relief against any other defendants. Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the identified deficiencies and further leave to amend is not warranted. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a District Judge to this action.

Furthermore, it is HEREBY RECOMMENDED that:

1.  This action proceed on Plaintiff's second amended complaint, filed on June 25, 2026, against Defendants A. Medley, A. Larios, J. Gonzales, C. McKenna, Rios, and K. Perez for excessive force in violation of the Eighth Amendment; and

10

    2. All other claims and defendants be dismissed based on Plaintiff's failure to state claims upon which relief may be granted.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." **Objections, if any, shall not exceed fifteen (15) pages or include exhibits. Exhibits may be referenced by document and page number if already in the record before the Court. Any pages filed in excess of the 15-page limit may not be considered.** Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **July 7, 2026**          /s/ *Barbara A. McAuliffe*
                                   UNITED STATES MAGISTRATE JUDGE

11